IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RANDY J. STAHL,

                                                                                 OPINION and ORDER

                    Petitioner,

                                                                                   09-cv-397-bbc

      v.

RICHARD RAEMISCH, Secretary,
Wisconsin Department of Corrections,,

                    Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Petitioner Randy J. Stahl has filed an application for a writ of habeas corpus under 28 U.S.C. § 2254. The subject of his petition is his January 2003 conviction in the Circuit Court for La Crosse County for arson with intent to defraud. Petitioner contends that he was denied the effective assistance of counsel in his state court direct appeal.

      Before the court is respondent's motion to dismiss the petition on the ground that petitioner failed to file it within the one-year statute of limitations set forth in 28 U.S.C. § 2244. Resolving the motion requires me to decide whether the statute of limitations remained tolled under § 2244(d)(2) between August 31, 2006, the date on which the Wisconsin Court of Appeals reversed the trial court's order denying petitioner's August 24, 2005 motion for sentence modification and May 22, 2008, the date the trial court sentenced

1

petitioner after remand. Because I agree with petitioner that his motion for sentence modification remained "pending" until he was re-sentenced after remand, I am denying respondent's motion and setting a briefing schedule on the merits of the petition.

From the petition, documents attached to the parties' submissions and state court docket sheets available electronically, I find the following facts.

## FACTS

On January 27, 2003, petitioner was convicted in the Circuit Court of LaCrosse County of arson with intent to defraud. He was sentenced to three years in prison and 26 years of extended supervision. On March 24, 2004, the Wisconsin Court of Appeals affirmed petitioner's conviction. The Wisconsin Supreme Court denied petitioner's petition for review on August 4, 2004.

Petitioner filed a motion for sentence modification on April 15, 2005. He withdrew the motion on April 22, 2005 before the trial court acted on it. Petitioner filed a second motion for sentence modification on August 24, 2005, arguing that he should be re-sentenced because of a new factor. The trial court denied this motion on August 30, 2005.

On August 31, 2006, the Wisconsin Court of Appeals issued an order reversing the trial court's decision. State v. Stahl, 2005AP2328-CR (Wis. Ct. App. August 31, 2006)(unpublished opinion), attached to dkt.7 at Exh. C. The court found that new

information existed that was not known to the trial judge at the time of sentencing. The relevant fact was that instead of owing tens of thousands of dollars in restitution, petitioner owed restitution of only $965. The court of appeals concluded that this new fact frustrated the trial court's stated purpose for sentencing petitioner to 26 years of extended supervision. Id. at ¶9. The court remanded the case "with directions that the trial court hold a new sentencing hearing." Id. at ¶10.

For reasons that are unclear from the record, the circuit court took no action in response to the court of appeals' decision. On September 10, 2007, petitioner filed a motion in the circuit court, asking it to schedule the re-sentencing that had been ordered by the court of appeals. At the same time, petitioner filed a motion for post-conviction relief pursuant to Wis. Stat. § 974.06, Wisconsin's collateral attack statute. On May 1, 2008, the trial court denied petitioner's § 974.06 motion. Three weeks later, on May 22, 2008, the trial court modified petitioner's sentence, reducing the term of extended supervision from 26 to four years.

Petitioner appealed the circuit court's May 1 order denying his motion for post-conviction relief. The court of appeals affirmed the trial court's decision on November 25, 2008. The Wisconsin Supreme Court denied petitioner's petition for review on May 13, 2009. (In the meantime, petitioner had also filed in the Wisconsin Court of Appeals an application for a writ of habeas corpus pursuant to State v. Knight, 168 Wis. 2d 509, 522,

3

484 N.W. 2d 540, 545 (1992) (specifying procedure for bringing claims of ineffective assistance of appellate counsel). The appellate court denied the petition on October 14, 2008; the Wisconsin Supreme Court denied review on February 10, 2009. Because this time period was subsumed within the larger time period during which his § 974.06 motion was pending, it is immaterial to the timeliness calculation.) Petitioner filed the instant petition 44 days later, on June 23, 2009.

OPINION

Under the provisions of the Antiterrorism and Effective Death Penalty Act, a state prisoner generally has only one year from the date his state court judgment of conviction became "final" in which to file a federal habeas petition. 28 U.S.C.§ 2244(d)(1)(A). (Although the statute sets forth alternative starting dates, § 2244(d)(1)(B)-(D), petitioner does not suggest that any of these would apply.) In this case, petitioner's judgment became final on November 1, 2004, 90 days after the Wisconsin Supreme Court denied his petition for review. Anderson v. Litscher, 281 F.3d 672, 674-675 (7th Cir. 2002) (where petitioner does not file petition for writ of certiorari, one-year statute of limitations begins to run when 90-day period in which prisoner could have filed petition for writ of certiorari with United States Supreme Court expires). Petitioner did not file his habeas petition until June 23, 2009. (Petitioner might gain an extra day or two by virtue of the "mailbox rule," see Fed.

4

R. App. P. 4(c); Ingram v. Jones, 507 F.3d 640, 643-44 (7th Cir. 2007), but he offers no evidence regarding the date he gave his petition to prison officials for mailing, and in any case, these few days make no difference to the timeliness calculation.) Thus, the petition would plainly be untimely but for AEDPA's tolling provision, § 2244(d)(2), which provides that "[t]he time during which a properly filed application for State post-conviction review or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." Petitioner filed two applications for state post-conviction review that are relevant to the timeliness of his petition: 1) his August 24, 2005 motion for sentence modification; and 2) his September 10, 2007 motion for post-conviction relief under Wis. Stat. § 974.06. Whether the petition is timely depends on how long each of these motions was "pending."

Before turning to this question, it is helpful to identify the facts that are not in dispute. First, there is no dispute that 288 days of the one-year limitations period elapsed before petitioner filed his second motion for sentence modification on August 24, 2005. Second, there is no dispute that the motion for sentence modification was a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim" that operated to toll the limitations period under § 2244(d)(2). (Although several courts have found similar motions for sentence modification to fall outside the scope of § 2244(d)(2), see, e.g., Hartmann v. Carroll, 492 F.3d 478, 481-84 (3d Cir.

5

2007); Bridges v. Johnson, 284 F.3d 1201, 1204 (11th Cir. 2002), and Walkowiak v. Haines, 272 F.3d 234, 237-39 (4th Cir. 2001), the state makes no argument to that effect in this case.) Finally, there is no dispute that petitioner's September 10, 2007 post-conviction motion was also a properly filed application for state post-conviction relief that would toll the limitations period up through May 13, 2009, *if* petitioner still had time remaining on his one-year clock at the time that motion was filed.

It is here where the parties diverge: respondent contends that by the time petitioner filed his § 974.06 motion on September 10, 2007, his limitations period had already expired. According to respondent, the limitations period had begun running on August 31, 2006, the date the court of appeals issued its decision reversing the trial court's order denying petitioner's motion for sentence modification, and expired 77 days (365 minus the 288 days that had already run) later, on November 16, 2006. Thus, argues respondent, petitioner's September 10, 2007 motion under § 974.06 was filed too late to have any tolling effect.

Petitioner insists that his sentence modification motion remained "pending" from the time he filed it until he was finally resentenced in the trial court on May 22, 2008. He points out that by then, his § 974.06 motion was pending. By virtue of these piggybacking motions, petitioner argues, his statute of limitations remained tolled during the entire time period from August 25, 2005 to May 13, 2009. He filed his petition on June 23, 2009, within the 77 days he had remaining on his habeas clock.

6

I agree with petitioner. Respondent cites no authority for his contention that an application for post-conviction relief does not remain "pending" between the time an appellate court remands the case with instructions to the trial court and the time the trial court issues a new decision after remand. His position is contrary to the way the term "pending" is commonly understood both outside and inside the judicial context. As the Supreme Court noted in Carey v. Saffold, 536 U.S. 214, 219(2002), "[t]he dictionary defines 'pending' (when used as an adjective) as 'in continuance' or 'not yet decided.'" (citing Webster's Third New Int'l Dictionary 1669).

> The definition, applied in the present context, means that an application is pending as long as the ordinary state collateral review process is "in continuance"— i.e., "until the completion of" that process. In other words, until the application has achieved final resolution through the State's post conviction procedures, by definition it remains "pending."

Id.

Although the issue in Saffold was whether the time that an application for state collateral review is "pending" includes the period between a lower court's adverse determination and the prisoner's filing of a notice of appeal, the Court's statement that an application for state court collateral relief remains pending until it "achieve[s] final resolution through the State's post conviction procedures" dooms respondent's position here. At the time the state court of appeals issued its decision remanding the case to the trial

7

court, petitioner's motion for sentence modification had not been finally resolved. The court of appeals did not issue an order modifying petitioner's sentence, but merely directed the trial court to hold a new sentencing hearing that took into consideration the fact that petitioner owed only $965 in restitution. Respondent points to nothing in the court of appeals' decision or Wisconsin's procedures to suggest that petitioner was required to file anything or otherwise take action in order for the resentencing to take place. To the contrary, petitioner's motion for sentence modification was not resolved in the state courts until May 22, 2008, when he finally received the relief he was seeking, in the form of a new sentence. Until the motion was finally resolved, it was "pending." The petition is timely.


ORDER

IT IS ORDERED that

1. Respondent's motion to dismiss petitioner's petition for a writ of habeas corpus as untimely, dkt. #6, is DENIED.

2. Within 30 days of the date of service of this order, respondent must file an answer to the petition in compliance with Rule 5 of the Rules Governing Section 2254 Cases, showing cause, if any, why this writ should not issue.

3. Petitioner shall file a brief in support of his petition within 30 days after respondent files the answer. With respect to claims that were adjudicated on the merits by the Wisconsin

Court of Appeals, petitioner must show either that 1) the state appellate court contravened a controlling opinion of the United States Supreme Court, 2) the state appellate court applied a controlling opinion of the United States Supreme Court in an unreasonable manner or 3) the state appellate court's decision rested upon an unreasonable determination of the facts. 28 U.S.C. § 2254(d).

    4. Respondent shall file a brief in opposition within 30 days after petitioner files his initial brief.

    5. Petitioner shall have 20 days after respondent files its brief in which to file a reply brief.

    Entered this 15th day of October, 2009.

                                   BY THE COURT:

                                   /s/

                                   _____
                                   BARBARA B. CRABB
                                   District Judge