IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

---

RANDY JOE STAHL,

                       Petitioner,                         OPINION AND ORDER

    v.                                                09-cv-397-bbc

J.B. VAN HOLLEN,
Wisconsin Attorney General,

                       Respondent.

---

This is a petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. Randy Stahl contends that his January 27, 2003 judgment of conviction in the Circuit Court for La Crosse County, Wisconsin for arson with intent to defraud was entered in violation of the laws and Constitution of the United States.[1]  Specifically, petitioner contends that he was denied the effective assistance of counsel in his first appeal of right.  On June 26, 2009, this court entered an order directing the state to respond to the petition.  The state responded by filing a motion to dismiss the petition on the ground that it was untimely

---

[1]Although Stahl was originally sentenced to three years' confinement and 26 years' extended supervision, the sentence was modified on May 27, 2008 to three years' confinement and four years' extended supervision.  After he filed this petition, Stahl was completely discharged from his sentence.  Accordingly, the proper respondent to the petition is now J.B. Van Hollen, Wisconsin Attorney General.

1

under 28 U.S.C. § 2244(d).  I denied this motion in a previous order.  The case is now

before the court for a decision on the merits of the petition.  The petition must be denied

because it is plainly without merit.

The following facts are drawn from the record of the state court proceedings.

FACTS

In October 2001, a bar in La Crosse County owned by petitioner burned down in a

fire of undetermined origin.  Shortly afterward, petitioner retained a lawyer, James Kroner,

to represent him in matters related to the fire, including potential criminal liability.

According to Kroner, petitioner admitted during their first meeting that he had set the fire.

Kroner warned petitioner that he should not file an insurance claim and that in the event

he did so, Kroner would have an ethical duty to report his confession to the police.  After

repeating this warning to petitioner both orally and in writing several weeks later, Kroner

withdrew from the case.

Later, after learning that petitioner had filed an insurance claim that had been paid

in part by petitioner's insurer, Kroner reported petitioner's confession to the investigating

law enforcement agency.  In February 2002, the state charged petitioner with arson on the

basis of Kroner's report.  Petitioner moved to suppress the state's use of Kroner's testimony

on the ground that petitioner's confession was protected by the attorney-client privilege, but

the trial court denied the motion.  Petitioner subsequently entered an *Alford* plea, which he later moved unsuccessfully to withdraw.

Petitioner then filed a direct appeal in which he challenged the trial court's denial of his suppression motion.  The court of appeals rejected petitioner's argument and affirmed his conviction, finding that his statements to Kroner fell within the crime-fraud exception to the attorney-client privilege set out in Wis. Stat. § 905.03(4)(a).  State v. Stahl, 03-2657-CR (Ct. App. March 18, 2004) (unpublished opinion), dkt. # 12, exh. E.  The Wisconsin Supreme Court declined to grant petitioner's request for review.

Subsequently, petitioner filed a motion for sentence modification on the ground that a lesser-than-anticipated restitution award was a significant new factor warranting resentencing.  Although the trial court denied the motion, the state court of appeals agreed with petitioner's position, remanding the case on August 31, 2006 to the trial court for a new sentencing hearing.   State v. Stahl, 2005AP2328-CR (Ct. App. Aug. 31, 2006) (unpublished opinion), dkt. # 12, exh. 10.

Pending resentencing, on June 9, 2008, petitioner filed an application for a writ of habeas corpus in the Wisconsin Court of Appeals, alleging that the lawyer who represented him on direct appeal had been ineffective in his handling of the attorney-client privilege issue.  Reviewing petitioner's arguments, the state court of appeals noted that they "all boil down to the same claim:  the statements [Stahl] made to his attorney should not have been

3

used to substantiate charges against him and to convict him." Court of Appeals' Order

Denying Writ, Case No. 2008AP142-W, Oct. 14, 2008, dkt. #12, exh. M, at 2, footnote

2. Rejecting petitioner's ineffective assistance claim, the court wrote:

> Although Stahl contends in this petition that his appellate counsel in
> the prior appeal should have cast the arguments about attorney-client privilege
> differently, we still would have rejected the arguments. The bottom line is
> that we have concluded that Stahl's statements to Kroner were not privileged
> because Stahl retained Kroner to help him avoid criminal liability so that he
> could fraudulently obtain insurance proceeds. Regardless of how appellate
> counsel had framed the argument, Stahl was not entitled to the protections of
> the attorney-client privilege. Because Stahl cannot show that he was
> prejudiced by counsel's actions, we reject the claim that he received ineffective
> assistance of appellate counsel.

Id. at 3.

Before the court of appeals issued its decision on his habeas petition, petitioner filed

a post conviction motion in the trial court pursuant to Wis. Stat. § 974.06. (That statute

provides a mechanism for defendants to attack their conviction on constitutional grounds

after the time for direct appeal has run, provided certain conditions are met.) Petitioner

argued in his motion that his conviction should be set aside because, in ruling that certain

communications that petitioner had made to Kromer were not privileged, the trial court had

effectively denied petitioner's constitutional right to the effective assistance of counsel. The

trial court denied the motion as simply an attempt by petitioner to relitigate the denial of

the suppression motion, which had been raised and rejected on direct appeal. Ruling on

4

petitioner's appeal from the order denying the motion, the state court of appeals agreed that petitioner's claim was "nothing more than another attempt to recast [his] failed argument that the admission of his communications to a prior attorney at his trial for arson with intent to defraud was improper, on a slightly varied theory."   Opin. and Order, Case No. 2008AP353, Nov. 25, 2008, dkt. #12, exh. R.   Therefore, the court of appeals found, the claim was procedurally barred.

OPINION

Petitioner persists in his claim that his appellate lawyer provided ineffective assistance on direct appeal for failing to raise certain arguments, all of which concern petitioner's statements to Kroner.   If I understand the nature of the claim that petitioner says his appellate lawyer should have raised, it is not that the circuit court erred in determining that his statements to Kroner were exempted from the attorney-client privilege, but rather that the court should have reviewed the statements *in camera* before the court made its determination and even before the complaint was filed.   Petitioner argues that he enjoyed a procedural right to have this determination made *before* his statements were admitted in open court and that the violation of this right was a valid claim that counsel should have raised on appeal.   Further, petitioner insists that the Wisconsin Court of Appeals erred in finding that these arguments amount to nothing more than a "recasting" of his claim that

5

his statements to Kroner should have been suppressed.  According to petitioner, this means either that this court must apply the general standard set forth in 28 U.S.C. § 2243 to his claims, disposing of them "as law and justice require," <u>Braun v. Powell</u>, 227 F.3d 908, 917 (7th Cir. 2000) (§2243 applies to exhausted claims that were not adjudicated on merits in state court), or find that the court of appeals' disposition of his claim was based upon an "unreasonable finding of fact."  28 U.S.C. § 2254(d).

Petitioner's arguments all suffer from the same fatal flaw: they depend on the premise that his statements to Kroner were privileged.  The procedural rights to which petitioner claims he was entitled exist to ensure that information protected by the attorney-client privilege is not disclosed.  But in this case, the state courts determined that none of petitioner's statements were protected by the privilege.  In other words, even if the court and prosecutor had proceeded exactly in the way petitioner says they should have, the outcome would have been the same:  the statements would have been disclosed and allowed to come in at trial. Put another way, petitioner was not harmed by the alleged procedural irregularities because his statements to Kroner were not privileged.  Thus, the court of appeals was correct when it found that no matter how petitioner's appellate lawyer had framed the argument, petitioner could not have succeeded because he was not entitled to the protections of the attorney-client privilege.

6

The court of appeals determined that petitioner's statements were not privileged because they fell within the crime-fraud exception to the rule.  Although petitioner debates the merits of the state appellate court's ruling, the application and scope of the attorney-client privilege is a matter of state law, not the Constitution.  Lange v. Young, 869 F.2d 1008, 1012 n.2 (7th Cir. 1989).  Accordingly, that issue is not before this court.  Id.; see also Estelle v. McGuire, 502 U.S. 62, 67 (1991) ("federal habeas corpus relief does not lie for errors of state law").

Finally, the court of appeals did not err in rejecting petitioner's § 974.06 motion. Having reviewed petitioner's state court appellate brief, I am satisfied that although he may have framed his claim in different terms, he was merely re-asserting his claim that the trial court had erred in finding that his communications with Kroner fell within the crime-fraud exception to the attorney client privilege.  See, e.g., Appellant's Br., dkt. #12, exh. P, at 7 ("The circuit court's erroneous crime-fraud determination had the effect of applying the crime-fraud exception statute in an extremely unconstitutional manner because it had the constructive consequence of robbing Stahl of his 6th Amendment right to have the assistance of counsel . . .").

In sum, because there is no merit to petitioner's claim that he was denied the right to the effective assistance of counsel on appeal, his petition must be denied.

7

ORDER

IT IS ORDERED that the petition of Randy Joe Stahl for a writ of habeas corpus under 28 U.S.C. § 2254 is DENIED.  I decline to issue a certificate of appealability because jurists of reason would not debate the correctness of the determination that petitioner has failed to make out a claim of ineffective assistance of appellate counsel.  If petitioner wishes, he may ask a circuit judge to issue the certificate pursuant to Fed. R. App. 22(b).

Entered this 28th day of May , 2010.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge

8